## ELLIOTT v. THE PEOPLE.

1. CRIMINAL LAW—SELF DEFENSE.
Where, under the defendant's version of the encounter, he is entitled to an acquittal of the charge of assault with intent to murder, the relative strength of the parties and their physical condition is an important fact for the consideration of the jury in determining whether he honestly believed at the time the blow was struck that it was necessary to strike with a knife to protect himself from great bodily harm at the hands of his assailant.

2. SAME—ASSAULT WITH INTENT TO MURDER.
Deliberation and malice aforethought are essential elements of the crime of assault with intent to murder.

*Error to the District Court of La Plata County.*

Mr. O. S. GALBREATH, for plaintiff in error.

THE ATTORNEY GENERAL, Mr. CALVIN E. REED and Mr. GEO. H. THORNE, for the People.

MR. JUSTICE GODDARD delivered the opinion of the court.

Thomas Elliott, the plaintiff in error, was convicted of an assault with intent to murder one George Tallman, and sentenced to imprisonment in the penitentiary for the term of one year. It appears that Tallman was engaged in conducting a grocery store in the city of Durango, and on November 9, 1895, the parties met near his store. Tallman was in his delivery wagon and Elliott on foot. Tallman stopped his wagon and accosted Elliott in regard to a bill that had been due for some time, when an altercation occurred, during which hard words were used, Elliott claiming that the bill was not right, and that he was willing to pay it when made right; whereupon Tallman called him a thief. As to what then occurred the evidence is conflicting, the theory of the prosecution being that there was a mutual combat between the parties, on the invitation of plaintiff in error, during which he cut the prosecuting witness with a knife; while

the plaintiff in error claims that Tallman was the aggressor, that he jumped from the wagon and attacked him, and during the struggle he used his knife in self-defense. It appears from the evidence that Tallman was a strong, robust man, while Elliott was at the time weak and sickly and crippled with rheumatism; that during the encounter plaintiff in error was knocked down twice, when they clinched and he was again thrown to the ground. It was during this last struggle that he claims he used the knife. Under his version of the affair, he was entitled to an acquittal upon the ground of self-defense, and was therefore entitled to have the law defining that right fully and correctly given to the jury ; and we think, in one very important essential at least, this was not done. In determining the question as to whether the defendant honestly believed it was necessary to use the knife to protect himself from great bodily harm at the hands of Tallman at the time he struck the blow, the relative strength of the parties and their physical condition was an important fact for the consideration of the jury ; and while the court below recognized this, yet by the qualification added to the instruction given upon this subject, and by directing the jury to consider it only in case such conditions were known to the complaining witness, he virtually withdrew this fact from their consideration, since it appeared that the prosecuting witness did not know of Elliott's physical condition. When taken in connection with the fact that there was an entire omission to instruct the jury in regard to the lesser grades of the offense, the effect of this error becomes important, in that it deprived defendant of the full benefit of the only defense available. We have less hesitancy in reversing this case upon this ground, for the reason that it is difficult upon the evidence of the prosecution alone to see how the jury could have found that the blow was struck by defendant with the deliberation and malice aforethought that are necessary to constitute the offense charged. For the foregoing reasons the judgment and sentence of the district court will be reversed, and the cause remanded.

*Reversed and remanded.*